

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

```
JAN:AK                                    271 Cadman Plaza East
F.#2008R01418                             Brooklyn, New York  11201
```

December 4, 2008

**By ECF**

The Honorable Charles P. Sifton
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Norby Marin Moreno
>      Criminal Docket No. 08-605 (CPS)

Dear Judge Sifton:

The government moves in limine to preclude the proffered expert testimony of Mr. Andrew Hudson in the above-referenced matter.  The government received notice of Mr. Hudson's proffered expert testimony by the defendant's submission dated December 2, 2008.  (See Docket Entry No. 30 ("Letter concerning pre-trial in limine issues")).

The government opposes Mr. Hudson's proffered expert testimony for the same reasons set forth in its December 1, 2008 motion in limine to preclude the proffered expert testimony of Ms. Robin Kirk: (1) it is not relevant; (2) its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury; and (3) it is based on a methodology that is inadequate to support the conclusions reached.

Furthermore, Mr. Hudson is even less qualified than Ms. Kirk to testify as an expert in this case.  Mr. Hudson has never testified as an expert on Colombian paramilitary groups in any federal or state court proceeding.[1]  Mr. Hudson "specializes in the plight of human rights defenders in Colombia and Guatemala."

---

[1] Mr. Hudson's limited experience may be attributed to the fact that he completed his LL.M. in 2006, and has been practicing law in his professed area of specialization for approximately two years.

(See Letter at 2).  Further, he has practiced law for approximately two years at Human Rights First, where, among other things, he "[a]dvocate[s] on cases of persecuted human rights activists mainly in Colombia and Guatemala."  (See id. at 9).  He also writes for the Colombia University human rights Web page, and has submitted an affidavit in an asylum case concerning paramilitary violence in Colombia.  (See id. at 2).  For the same reasons discussed in greater detail in the Government's Letter of December 1, 2008, none of this experience bears any relevance to the defendant's purported defense that an unknown individual planted heroin in her luggage in order to frame her.  Furthermore, even if relevant, the value of this testimony would be substantially outweighed by its prejudicial effect.

      Additionally, nearly all of Mr. Hudson's experience focuses on the representation of human rights defenders faced with political persecution.  There is no evidence in the record that even remotely suggests that the defendant in this case is a human rights defender who is being persecuted for her political beliefs.  On the contrary, the defendant claims that her sons have disappeared, and the heroin in her suitcase was "planted there by an individual who wanted to stop her from seeking out the truth about the fate of her two sons."  (See Docket Entry No. 24 ("Letter regarding expert witness notice"), at 1).  Accordingly, Mr. Hudson's testimony is irrelevant because his expertise in representing human rights defenders facing political persecution sheds no light on the question of whether someone planted heroin in the luggage of this particular defendant.

      For these reasons, the government respectfully submits that the Court should preclude the proffered expert testimony of Mr. Hudson.

      Respectfully submitted,

      BENTON J. CAMPBELL
      United States Attorney
      Eastern District of New York


By: _____/s/_____
    Ali Kazemi
    Assistant U.S. Attorney

cc:  Justine Harris, Esq. (By ECF)