

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

---

JAN:AK
F.#2008R01418

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 9, 2008

**By ECF**

The Honorable Charles P. Sifton
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:   United States v. Norby Marin Moreno
             Criminal Docket No. 08-605 (CPS)

Dear Judge Sifton:

       Based on the theory of the defense presented at opening argument and implicitly expressed in the defendant's cross-examination of government witness Maria Patricia Carrasquilla, the government moves <u>in limine</u> to introduce evidence that the source of information in Colombia is a wiretap.

       During the opening statements, the defendant presented an emotionally charged defense theory, that the heroin found in the her suitcase was planted by members of a Colombian paramilitary organization seeking to prevent her from learning the truth about her missing sons.  The defense also stated, in sum and substance, that the defendant and her family have been brutalized by members of the Colombian paramilitary, she is "numb to reality," and she should not be judged by our American standards.  During cross-examination of government witness Maria Patricia Carrasquilla, the defendant elicited hearsay testimony that the defendant told Ms. Carrasquilla she was staying in the United States due to family problems.

       By presenting an opening argument that the defendant was framed by a violent paramilitary organization in Colombia, the defendant has placed at direct issue the reliability and veracity of the source of information that DEA used to determine the defendant's location.  The fact that the DEA source of information is a wiretap, rather than a telephone tip, a confidential informant, or an undercover officer, is directly relevant to the government's theory of the case, and the defendant's proposed defense.  A wiretap is an inherently

reliable source, in that the speakers are not aware that they are being overheard, and have no motive to lie or mislead. It is utterly implausible that members of the Colombian paramilitary framed the defendant by making statements over a DEA wiretap in Colombia - which they were not even aware existed - in the hope that DEA agents in New York City would receive that information, follow up on the lead, and find heroin well-concealed in the defendant's suitcase in Queens, New York. By seeking to preclude the government from introducing evidence that the source of the information was a wiretap, the defendant is simply hiding the ball.

The government has a fact witness, DEA Special Agent Salvador Aceves, who has competent firsthand knowledge that the source of information in this case was a wiretap. Agent Aceves has personally listened to the recorded calls obtained over the wiretap. Indeed, a compact disc containing these wiretapped phone calls has already been provided to the Court. There is no question that the DEA source of information is a wiretap. And there is no question that Agent Aceves has firsthand knowledge that the source was a wiretap.

The defendant claims that the fact that the source of the information was a wiretap should not be admitted, because Agent Aceves did not know that it was a wiretap at the time that he received the information from Agent Walsh in Colombia, and therefore it is hearsay that does not go to his state of mind. However, the issue the defense has put in play in this case is not Agent Aceves' state of mind at the time he received the information from Agent Walsh, but whether the defendant was framed. On this latter point, the fact that the source of information was a wiretap is directly relevant. Because Agent Aceves has firsthand knowledge that the source was a wiretap, that fact is admissible.

The defendant also claims that the fact that the source of information is a wiretap should not be admitted, because the defendant has not been permitted an opportunity to review the tapes. This argument misses the point entirely. The government is not offering the wiretap for the truth of the statements contained therein. Indeed, the Government is not offering the recorded conversations at all. Accordingly, the defendant's claim that she should be permitted to listen to the tapes is inapt because the Government only seeks to offer the <u>fact</u> that the source of information is a wiretap, not the wiretapped conversations themselves.

Finally, the defendant claims that Agent Walsh should be required to personally testify that the source of information was a wiretap. However, Agents Walsh and Aceves can provide equally competent testimony as to this fact, since they have both listened to the wiretap firsthand. Accordingly, it makes no difference which agent provides the testimony to establish this fact.

Given the prejudicial and inflammatory nature of the defense theory in this case, which apparently will include the emotionally charged testimony from the defendant herself, it is critical that the government be permitted to introduce evidence relevant to the defendant's theory that a vicious paramilitary killer framed the defendant through a bizarrely roundabout scheme to plant heroin in her suitcase. The government has direct evidence that the source of information that led DEA agents to the defendant was a wiretap of a phone call of a drug trafficker, who helped to arrange for the defendant to deliver a package of heroin to the Metro Motel. By leaving the DEA source of information open to interpretation, when a competent fact witness can testify conclusively as to the issue, the Court is providing the defendant with an unfair opportunity to mislead the jury.

Not allowing the defendant to suggest that the tip was from an anonymous source is insufficient, as it still leaves open the erroneous possibility that the source was an individual with a motive to frame the defendant. This is simply wrong. The defendant should not be allowed to explicitly or implicitly suggest it to the jury.

Accordingly, the Government respectfully requests that it be permitted to offer testimony, through Agent Aceves, that the source of the statements which led the DEA agents to the defendant was a wiretap.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By: _____/s/_____
Ali Kazemi
Assistant U.S. Attorney
(718) 254-6171

cc: Justine Harris, Esq. (By ECF)